Alan Smikun, Esq. (AS-2460)
THE MARGOLIN & WEINREB LAW GROUP, LLP
165 Eileen Way, Suite 101
Syosset, New York 11791
Telephone: (516) 921-3838
alansm@nyfclaw.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
COURCHEVEL 1850 LLC,                                    Civil Action No.:

                         Plaintiff,

        -against-

DANIEL J. MARMA; THE UNITED STATES OF AMERICA (INTERNAL REVENUE SERVICE); CITIBANK (SOUTH DAKOTA), NA;

and JOHN DOE "1" through "12", said persons or parties having or claimed to have a right, title or interest in the mortgaged premises herein, their respective names are presently unknown to Plaintiff,

                         Defendants.
---------------------------------------------------------------X

## COMPLAINT

COURCHEVEL 1850 LLC ("Courchevel" or "Plaintiff") by and through its attorneys, The Margolin & Weinreb Law Group, LLP, as and for its Complaint to foreclose the premises and mortgage against Daniel J. Marma ("Marma"), The United States of America (Internal Revenue Service) ("IRS"), Citibank (South Dakota) NA., ("Citibank") and John Doe "1" through "12" (together with Marma collectively referred to as the "Defendants"), respectfully alleges upon information and belief as follows:

1

## NATURE OF THE ACTION

1. This is an action brought pursuant to New York Real Property Actions and Proceedings Law ("RPAPL") §1301 *et seq.*, to foreclose a second mortgage encumbering the property commonly known 131 Cooper Drive, Verbank, New York 12585 also known as Section: 6662 Block: 01; Lot: 182669 on the Dutchess County Tax Map (the "Property"). The legal description of the Property is attached as **Exhibit A**.

## PARTIES

2. Courchevel is a limited liability company organized under Delaware law with its principal place of business located at 104 SE 8th Avenue, Fort Lauderdale, Florida 33301.

3. Courchevel is a single-member limited liability company.

4. Courchevel's single-member is an individual who is a citizen of the United States and who is domiciled in the State of Florida and therefore, for diversity purposes, Courchevel is a citizen of Florida.

5. Upon information and belief, Marma is a citizen of the United States and a resident of the State of New York having an address at 77 Roosevelt Road, Hyde Park, New York, 12538 and as such, for diversity purposes, is a citizen of New York.

6. Marma is necessary party-defendant to this action because he (i) was present at the time of the execution of the Note and Mortgage (as such terms are defined below); (ii) is the borrower of the loan; (iii) is the mortgagor under the Mortgage and (iv) is the owner of record of the Property.

7. The United States of America (Internal Revenue Service) (hereinafter "IRS"), upon information and belief, is a citizen of the United States and a resident of the State of Connecticut

having an address of 135 High Street, Hartford, Connecticut 06013 and as such, for diversity purposes, is a citizen of Connecticut.

8.      IRS is a party-defendant to this action because it is Lienor by virtue of a Federal Tax lien filed in the Dutchess County Clerk's Office under U.S. #981793214 on February 11, 2014 for the amount of $35,179.36 against Daniel J. Marma and Gina M. Marma of 131 Cooper Dr., Verbank, New York 12585, the Property.  The Lien of USA is subordinate to Plaintiff's Lien.

9.      Citibank (South Dakota), NA., ("Citibank") is a National Association organized under the laws of the United States of America.  Pursuant to 28 U.S.C. §1348, which provides that national banking association, shall, for the purposes of all other actions by or against them, be deemed citizens of the States in which they are respectively located.  For §1348 purposes a national bank is a citizen of the State in which its main office, as set forth in its articles of association is located.  According to the articles of association Citibank's main office is located at 701 East 60th Street North Sioux Falls, South Dakota 57117.  Based on the foregoing, for diversity of citizenship purposes, Citibank is a citizen of South Dakota.

10.     Citibank is a necessary party-defendant because it is a judgment creditor by virtue of a Dutchess County Court judgment ("Judgment") docketed on January 13, 2011 for $2,441.77 vs. Daniel J. Marma of 131 Cooper Dr. Verbank, New York 12585.  Said Judgment is subordinate to the Lien of Plaintiff.

11.     Upon information and belief, John Doe 1 through 12 are persons, parties, corporations or other entities, if any, who are presently unknown to Plaintiff, holding or claiming to hold certain leaseholds, tenancies, sub-tenancies, possessory or other interests, including interests, in and to any subordinate judgment or liens upon the Property.  Such defendants are

joined as party-defendants herein for the purpose of foreclosing and terminating their respective interests, if any, in and to the Property.

12. Each of the above-named defendants has, or claimed to have or may claim to have, some interest in or lien upon the Property or some part thereof, which interest or lien, if any, has accrued subsequent to, and is subject and subordinate to, the mortgage lien.

## JURISDICTION AND VENUE

13. This action is between citizens of different states.

14. The amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

15. Jurisdiction is based upon diversity of citizenship pursuant to 28 U.S.C. §1332.

16. Venue is deemed proper in this District pursuant to 28 U.S.C. §1391.

17. A substantial part of the events giving rise to this action took place within this Court's jurisdiction and the Property is located in this District.

## FACTUAL BACKGROUND

18. On October 24, 2007, Marma executed a Note to GMAC Mortgage, LLC f/k/a GMAC Mortgage Corporation, whereby it loaned to Marma and Marma agreed to repay, the sum of $91,500.00 plus interest. A copy of the Note with Endorsements and corresponding Allonges are attached hereto as **Exhibit B**.

19. To secure the repayment of the Note, Marma executed a Credit Line Mortgage to GMAC Mortgage, LLC f/k/a GMAC Mortgage Corporation. The applicable mortgage tax was paid. See Recorded Mortgage at **Exhibit "C"**.

20. Plaintiff is in physical possession and is the owner and holder of the Note and Mortgage. See Affidavit of Jared Dotoli ("Dotoli") ¶7 at **Exhibit "D"**.

21. The Note was endorsed from GMAC Mortgage LLC f/k/a GMAC Mortgage Cororpation, specifically to RCS Recovery Services, LLC.

22. The Note was further endorsed by an Allonge to the Note to Milky Way II LLC. Said Allonge is firmly affixed to the Note.

23. The Note was further endorsed by an Allonge to Note to Courchevel 1850 LLC. Said Allonge is firmly affixed to the Note.

24. Marma has failed to comply with the terms and provisions of the Mortgage by failing to pay the installment balance due on the first day of August 2010 and the default continues to date.

25. Plaintiff has complied with the contractual provisions contained in the Mortgage in that a 30-day notice to cure was mailed on August 4, 2016 (the "Default Notice") advising Marma that Plaintiff has the option to accelerate the loan and that because of the continuing default under the Note and Mortgage, Plaintiff declared that the outstanding principal balance due under the Note, together with all accrued interest thereon is immediately due and payable. A copy of the Default Notice with proof of mailing is attached as **Exhibit "E"**.

26. Plaintiff is not required to send 90-day notices pursuant to RPAPL §1304 because Marma does not reside at the Property.

27. Pursuant to RPAPL §1302 as amended, Plaintiff has complied with all the provisions of §§595a and 6-l of the Banking Law and RPAPL §1304, except where it is exempt from doing so.

28. As of the date herein, Marma has failed to respond to the Default Notice.

29. Due to the above-described default, Marma is indebted to Plaintiff pursuant to the terms of the Note and Mortgage for the unpaid principal amount due under the Note, and all

accrued and unpaid interest and late charges totaling $131,839.63 as of August 4, 2016 (*See* **Exhibit "E".**)

30. Due to the above-described default, Marma is indebted to Plaintiff pursuant to the terms of the Note and Mortgage for attorney's fees and other costs and disbursements, payable to Plaintiff under the terms of the Note, which will accrue until the amount due and payable under the Note is paid in full.

31. Due to the above-described default, Marma is indebted to Plaintiff pursuant to the terms of the Note and Mortgage for any and all additional fees that are due or may become due and payable as provided under the terms and conditions of the Note and Mortgage are paid in full.

32. Plaintiff requests that if this action proceeds to judgment of foreclosure and sale, the Property should be sold subject to the following:

   a. Any state of facts that an inspection of the Property would disclose.
   b. Any state of facts that an accurate survey of the Property would show.
   c. Covenants, restrictions, easements and public utility agreements of record, if any.
   d. Building and zoning ordinances of the municipality in which the property is located and possible violations of same.
   e. Any right of tenants or person in possession of the Property.
   f. Any equity of redemption of the United States of America to redeem the Property within 120 days from date of sale.
   g. Prior lien(s) of record, if any.

33. If Plaintiff possesses any other lien(s) against the Property either by way of judgment, junior mortgage or otherwise, Plaintiff requests that such other liens(s) shall not be

merged in Plaintiff's cause(s) of action set forth in this Complaint, but that Plaintiff shall be permitted to enforce said other lien(s) and/or seek determination of priority thereof in any independent action(s) or proceeding(s), including, without limitation, any surplus money proceedings.

34. Plaintiff shall not be deemed to have waived, altered, released, or changed the election hereinbefore made by reason of any payment after the commencement of this action, of any or all of the defaults mentioned herein, and such election shall continue and remain effective.

35. No other action or proceeding has been commenced or maintained or is now pending at law or otherwise for the foreclosure of the Mortgage or for recovery of the said sum secured by the Note and Mortgage or any part thereof.

**WHEREFORE**, Plaintiff demands judgment that Defendants and each of them and all persons claiming under them or any of them, subsequent to the commencement of this action and the filing of a notice of pendency thereof, be barred and foreclosed of and from all estate, right, title, interest, claim, lien and equity of redemption of, in, and to the Property and each and every part and parcel thereof; that the Property may be decreed to be sold in one parcel, according to law, subject to the terms set forth in this complaint; that the monies arising from the sale thereof may be bought into Court; that Plaintiff may be paid the amount due on the Note and Mortgage as set forth herein, with interest and late charges to the time of such payment and the expenses of such sale, plus reasonable attorney's fees, together with the costs, allowances and disbursements of this action, and together with any sums from the dates incurred by Plaintiff pursuant to any term or provision of the Note and Mortgage set forth in this complaint, or to protect the lien of the Mortgage, together with interest upon said sums from the dates of the respective payments and advances thereof, so far as the amount of such monies properly applicable thereto will pay the

same; that this Court forthwith appoint a receiver of the rents and profits of the Property during the pendency of this action with the usual powers and duties; and that Daniel J. Marma may be adjudged to pay the whole residue (unless discharged of this debt by the United States Bankruptcy Court), or so much thereof as the Court may determine to be just and equitable, of the debt remaining unsatisfied after a sale of the Property and the application of the proceeds pursuant to the directions contained in such judgment, and that if Plaintiff possesses any other lien(s) against the Property either by the way of judgment, junior mortgage or otherwise, Plaintiff requests that such other lien(s) shall not be merged in Plaintiff's cause(s) of action set forth in this complaint but that Plaintiff shall be permitted to enforce said other lien(s) and/or seek determination of priority thereof in any independent action(s) or proceeding(s), including, without limitation, any surplus money proceedings, that an order be entered compelling that the tenants deliver possession of the Property to Plaintiff, and that Plaintiff may have such other and further relief as is just and equitable.

Dated: Syosset, New York
     January 3, 2017               **THE MARGOLIN & WEINREB LAW GROUP, LLP**
                                    Attorneys for Plaintiff, COURCHEVEL 1850 LLC

By:   */s/ Alan Smikun*
        Alan Smikun, Esq.
        165 Eileen Way, Suite 101
        Syosset, New York 11791
        (516) 921-3838
        Alansm@nyfclaw.com